# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| KATHERINE J. MYGLAND,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CV-14-86-GF-BMM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT |

## SYNOPSIS

Plaintiff Katherine J. Mygland seeks judicial review of the decision of Defendant Carolyn W. Colvin ("Commissioner"), the acting Commissioner of Social Security, to deny Mygland's application for disability benefits. (Doc. 1.) Mygland moved for summary judgment on April 3, 2015. (Doc. 10.) United States Magistrate Judge John Johnston issued Findings and Recommendations on September 24, 2015, recommending that this Court deny Mygland's motion and enter judgment in favor of the Commissioner. (Doc. 13.) Mygland timely filed objections to the Findings and Recommendations, and the Commissioner has responded. (Docs. 14, 15.)

1

The Court reviews de novo the findings and recommendations to which Mygland objects. 28 U.S.C. § 636(b)(1). The Court will review for clear error the portions of the findings and recommendations to which no party specifically objected. *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir.1981). Where a party's objections, however, constitute "perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original complaint," the applicable portions of the findings and recommendations will be reviewed for clear error. *Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (internal citations omitted).

## JURISDICTION

Mygland resides in Cascade County, Montana. Cascade County lies within the Great Falls Division of the District of Montana. The Court possesses jurisdiction under 42 U.S.C. § 405(g) (2015). Venue is proper under 28 U.S.C. § 1391(e) and Local Rule 1.2(c)(2).

## FACTUAL BACKGROUND

The Court adopts by reference the background facts, administrative record, and procedural history as enumerated in the Findings and Recommendations. (Doc. 13.) Mygland applied for Supplemental Security Income and Disability Insurance Benefits on April 1, 2010, alleging a disability onset date of January 3, 1998. The

Social Security Administration denied her claim on December 28, 2010, and denied it again upon reconsideration on April 13, 2012. On May 2, 2012, Mygland timely filed a written request for a hearing before an administrative law judge ("ALJ"). The ALJ held a video conference hearing on March 18, 2013. Mygland was present at the hearing with counsel. Prior to the hearing, Mygland amended her alleged disability onset date, by mutual consent, to January 1, 2012.

The ALJ denied Mygland's claim on April 4, 2013. Mygland timely appealed the ALJ's denial of her claim on June 3, 2013. The Appeals Council for the Social Security Administration denied Mygland's request for review on September 26, 2014, because it found no reason to review the ALJ's decision. The ALJ's decision, therefore, represents the final decision of the Commissioner. (Admin. R. at 1–4.)[1]

## STANDARD

An applicant may seek judicial review of a final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3). This Court conducts limited review. The Court reviews de novo any part of a Magistrate Judge's Findings and Recommendations to which proper objections have been made. Fed. R. Civ. P. 72(b)(3).

---

[1] The Administrative Record in this case contains the Commissioner's administrative determinations, the transcript of the ALJ proceeding, and Mygland's medical records. It is cited as (Admin. R. at page number.)

The Court may disturb an ALJ's final decision only if the ALJ based its findings of fact on legal error or "substantial evidence in the record as a whole" does not support the findings. *Schneider*, 223 F.3d at 973. Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Andrews*, 53 F.3d at 1039. The Court must consider the record as a whole on review, weighing both the evidence that supports and detracts from the ALJ's conclusion. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation. *Andrews*, 53 F.3d at 1039.

## DISCUSSION

Mygland contends that the ALJ inappropriately afforded "little weight" to the opinions of Laurel Andrechak, APRN, and Dr. Mark Mozer, improperly rejected the "new evidence" she submitted to the Appeals Council after hear hearing, incorrectly discounted Mygland's testimony, and improperly relied on the testimony of the vocational expert. (Doc. 14.) The Court determines that the ALJ permissibly disregarded the limitations recommended by Laurel Andrechak, APRN, and Dr. Mark Mozer. The Court also determines that that the Appeals Council properly considered all "new evidence" that Mygland submitted after her

hearing. The Court further determines the ALJ provided adequate reasons to discount a portion of Mygland's testimony. The Court finally determines that the ALJ properly relied on a vocational expert's testimony that considered Mygland's credible limitations. The Court adopts in full Judge Johnston's Findings and Recommendations.

**Mygland's Objections Generally**

Mygland objects to the Magistrate's Findings and Recommendations on several grounds. (Doc. 14.) Many of these objections, however, raise the same issues that Mygland argued in her motion for summary judgment. (Doc. 10.) As such, any objections that attempt to engage this Court in a review of her original motion will be reviewed for clear error.

Mygland objects first that Judge Johnston failed to incorporate Mygland's "proposed uncontested findings of fact" as set forth in her initial brief. (Doc. 14 at 2.) Mygland asserts that her "uncontested findings of fact preclude the Magistrate's findings and recommended decision," and require that this Court enter summary judgment in her favor. (*Id.*)

Mygland's statement of facts in her motion for summary judgment recites verbatim Dr. Mozer's treatment notes spanning over several years, which have been included in the administrative record. (Doc. 10 at 6–16.) The statement of facts additionally recounts portions of Mygland's testimony from the

administrative hearing. (*Id.*) The Court has considered fully the administrative record in this case and has incorporated those portions of the record and testimony that it finds credible. The Magistrate's decision not to include in full Mygland's proposed statement of facts, therefore, remains free of legal error.

### A. Mark Mozer and Laurel Andrechak's Testimony

Mygland objects to the ALJ's decision to afford the opinions of Dr. Mark Mozer and Laurel Andrechak, APRN, little weight. (Doc. 14 at 12.) The Court determines that the ALJ gave specific, clear, and convincing reasons for discounting or giving little weight to the testimony of Dr. Mozer and Andrechak.

#### 1. Dr. Mozer and New Evidence

Mygland first claims that the additional evidence that she provided supports her purported limitations and Dr. Mozer's and Nurse Andrechak's hearing testimony. Mygland provided additional medical records and a "To Whom it May Concern" letter from Dr. Mozer after the Commissioner denied her application for disability benefits. (Doc. 13 at 12–13; Admin. R. at 8–9; 15–21; 542–550.) Mygland argues that this Court should remand her claims to allow the ALJ to consider this new and allegedly material evidence.

The Court may remand a case for the consideration of new evidence if Mygland can show that the evidence would be new and material, and that she possesses good cause for failing to have incorporated it into the record. *Booz v.*

*Secretary of Health and Hum. Services*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). New evidence is material if it bears on the matter in dispute and a reasonable possibility exists that the new evidence, had it been known, would have changed the outcome of the ALJ's determination. *Id*.

To demonstrate good cause, Mygland must demonstrate that the new evidence was unavailable earlier. *Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001). Mygland will not meet the good cause requirement merely by obtaining a more favorable report once her claim has been denied. *Id*.

Mygland objects to the Magistrate's determination to reject the materiality of her newly submitted evidence. (Doc. 14 at 12.) The Magistrate found that Mygland failed to provide any reason or explanation why she had not obtained such a letter from Dr. Mozer before the March 18, 2013, hearing so the ALJ could consider it, or why she failed to provide such a letter to the ALJ before she issued her April 4, 2013, decision. (Doc. 13 at 15.)

Mygland simply claims that she did not obtain the evidence before the hearing because "it was impossible to anticipate" that the Commissioner would reject Andrechak's opinions, and that she obtained the letter to bolster the rejected testimony. (Doc. 14 at 12.) This explanation fails to meet the good cause requirement, and the Court will not remand the matter for the ALJ to consider this

letter. No clear error exists in Judge Johnston's remaining findings and recommendations regarding Mygland's newly submitted evidence.

Mygland objects next that Judge Johnston failed to "properly" consider and interpret various records of Dr. Mark Mozer. (Doc. 14 at 2–3; 7–15.) The ALJ considered Dr. Mozer's care and treatment of Mygland and found that when Mygland was compliant with her medication, her symptoms were controlled. (Admin. R. at 33.) The ALJ found further that when Mygland's condition deteriorated, "she was found to have stopped taking her medication, or changed her dosage without medical approval." (Doc. 13 at 17; Admin. R. at 33.) Substantial evidence in the record to supports these findings. The ALJ's interpretation of Dr. Mozer's records, therefore, remains free of legal error.

### 2. Laurel Andrechak, APRN

Mygland additionally objects to Judge Johnston's finding that the ALJ gave germane reasons for discounting the testimony of Laurel Andrechak, APRN. (Docs. 14 at 10–12; 13 at 11–12.) Mygland "objects to all findings by the Magistrate relative to the weight provided Nurse Practitioner Laurel Andrechak's opinion." (Doc. 14 at 14.) Mygland argued in her motion for summary judgment that the ALJ ignored the opinions of Nurse Andrechak. (Doc. 10 at 23.) She asserts that Andrechak is Mygland's mental health therapist and medication management

counselor and that Andrechak confirmed that Myglad suffers from "life threatening bouts of mania and depression." (Doc. 10 at 23; Admin. R. at 34–35.)

The ALJ determined, however, that as an advanced practice registered nurse, Andrechak is not considered an acceptable medical source according to Social Security regulations. (Admin. R. at 34; citing 20 C.F.R. 404.1513.) The regulations instead consider Andrechak an "other source." (*Id*.) The ALJ may discount testimony from "other sources" if the ALJ "gives reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

The ALJ further found that even if Andrechak had been an acceptable medical source, the ALJ was justified in affording her testimony little weight. (Admin. R. at 34.) The ALJ determined that Andrechak's opinion was not well supported by medically acceptable clinical and laboratory diagnostic techniques, and that it was inconsistent with the other substantial evidence of record. (Admin. R. at 34–35.) This other evidence includes Mygland's history of successful treatment with medication and corresponding deterioration without it. (*Id*.)

### B. Mygland's Credibility

Mygland alleges next that the record fails to support the Magistrate's finding that Mygland changed the dosage of her medication "without medical approval." (Doc. 14 at 3–4.) Mygland maintains that this lack of evidentiary support requires this Court to reject Judge Johnston's findings. (Doc. 14 at 3–4.) Mygland objects to

the Magistrate's determination that "it was proper to ignore" Mygland's limitations because "they blamed all medication changes" on Mygland. (Doc. 14 at 5.)

The Court disagrees. Mygland's hearing testimony indicates that Mygland assumed, at least partial, responsibility for being non-compliant with her medications. (Admin. R. at 33.) Mygland had no answer when the ALJ questioned her about her non-compliance other than that she and her family simply could not remember the correct dosage. (*Id*.) The ALJ found this explanation unconvincing given the support Mygland received from her family and the limited number of medications Mygland was taking. (*Id*; Doc. 13 at 9–10.) Substantial evidence in the record supports any finding by the ALJ regarding Mygland's intentional non-compliance.

Mygland objects to Judge Johnston's decision to reject Mygland's claim that her lack of insurance caused any gaps in mental health treatment. (Doc. 14 at 5.) Mygland asserts that the record supports her claim of lack of insurance. (*Id*.) The Magistrate and the ALJ found, however, that Mygland frequently cancelled or did not appear for scheduled treatment sessions "without any real explanation." (Doc. 13 at 10; Admin. R. at 33.) Substantial evidence exists from which the ALJ could have inferred that Mygland's treatment gaps were not due to a lack of insurance coverage. (*Id*.)

Mygland next objects to the ALJ's alleged failure to develop adequately the record once she believed that Mygland's credibility was at issue. (Doc. 14 at 5–7.) This objection appears related to Judge Johnston's finding that the ALJ gave specific, clear, and convincing reasons in support of her determination to afford Mygland's testimony "little weight." (Docs. 14 at 5–7; 13 at 8–11.) The ALJ pointed to the "numerous discrepancies in Mygland's hearing testimony," along with Mygland's work history, and evidence of her actual functioning, to support her findings. (Doc. 13 at 14.) The ALJ sufficiently developed the evidentiary record in this matter. The ALJ provided specific, clear, and convincing reasons for discounting portions of Mygland's testimony related to the intensity and persistence of her limitations.

**1. Work History**

Mygland objects to Judge Johnston's "suggestion" that there exists some relationship between Mygland's purported ability to work and objective work history. (Doc. 14 at 7.) Mygland asserts that no evidence exists from which Judge Johnston could have found that Mygland's activities were "transferrable" to a work setting. (Doc. 14 at 14.) She additionally asserts that no evidence exists from which the Magistrate could have found that she spent a "substantial" part of her day engaged in transferrable skills. (*Id*.; citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th

Cir. 1989).) She asserts that the Court should reject the ALJ's conclusion that the nature of Mygland's daily activities warranted an adverse credibility finding. (*Id.*)

The administrative record reveals that Mygland was capable, during a non-manic phase, to complete basic household tasks and care for her four-year-old son on her days off. (Admin. R. at 33.) The ALJ additionally noted that, despite her purported severe limitations, Mygland has maintained the same employer from 2010 through the hearing date performing housekeeping duties. (Admin. R. at 33–34; 136.) These two findings support an inference of transferability from her daily living activities to a work setting. The ALJ and Judge Johnston did not err in concluding that Mygland's work history does not match the profile of someone with a completely disabling mental impairment. (Doc. 13 at 11.) The ALJ's adverse credibility determination related to the transferability of Mygland's daily activities to a work setting, therefore, remains free of legal error.

### C. Vocational Expert's Hypothetical

Mygland argued below that the vocational expert's testimony lacked value because the ALJ's hypothetical did not set forth all of Mygland's impairments. (Doc. 10 at 33–34.) Mygland now objects to the "Magistrate's findings and opinions relative to the vocational expert testimony." (Doc. 14 at 15.) Mygland asserts that the vocational expert's testimony required the ALJ to reject both the medical evidence and Mygland's own testimony to create a hypothetical in which

the ALJ could find that Mygland possessed the ability to work. (Doc. 14 at 15–16.) The ALJ remains free to accept or reject the restrictions presented in a hypothetical as long as they are supported by substantial evidence. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987). This discretion exists even where the parties present conflicting medical evidence. *Martinez*, 807 F.2d at 774.

Mygland states that the Magistrate fails to indicate whether the hypothetical contemplates that Mygland performed the activities relied upon for a substantial part of her day or merely for a few moments. (Doc. 4 at 16.) She claims that this "error is fatal and mandates a remand or reversal." (*Id*.) The Court disagrees, and determines that, regardless of this purported omission, the ALJ's hypothetical to the vocational expert incorporated all of Mygland's limitations that she found to be credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); (Admin. R. at 133–135.); (Doc. 13 at 17.) The ALJ did not err in relying on this hypothetical in concluding that Mygland was not disabled.

This Court finds no clear error in Judge Johnston's remaining Findings and Recommendations and adopts them in full.

**IT IS HEREBY ORDERED:**

1. The proposed Findings and Recommendations entered by United States Magistrate Judge John Johnston (Doc. 13) is **ADOPTED IN FULL**.

2. Mygland's Motion for Summary Judgment (Doc. 10) is **DENIED**.

3. The Commissioner's decision is **AFFIRMED**. The Clerk is directed to enter judgment in favor of Carolyn W. Colvin, Acting Commissioner of Social Security, and close this case.

DATED this 30th day of November, 2015.

_____
Brian Morris
United States District Court Judge